IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAELA UNDERWOOD, as the duly appointed Administratrix of the Estate of James Aaron McBrayer, Deceased, *et al.*, | : : : : : |
| Plaintiffs, | : : |
| v. | :  CASE NO.: 7:21-cv-00040 (WLS) |
| HON. GENE SCARBROUGH, *et al.*, | : : : |
| Defendants. | : : |

## ORDER

Presently before the Court is Plaintiff's Motion to Exclude the Testimony of Officer Brian Batterton. (Doc. 42-1.) Therein, Plaintiff moves to exclude the testimony of one Officer Batterton in this case, pursuant to Federal Rules of Evidence 104, 403 and 702. (Doc. 42-1 at 2.) For the reasons that follow, Plaintiff's Motion to Exclude the Testimony of Officer Batterton (Doc. 42-1) in this case is **DENIED**.

## RELEVANT PROCEDURAL HISTORY

Plaintiff commenced the present action on April 9, 2021, by filing a Complaint alleging three (3) causes of action. (Doc. 1.) Count One alleged Deprivation of Plaintiff's civil rights by Defendants Scarbrough and Henderson pursuant to 42 U.S.C. § 1983. (*Id*.) Count Two alleged Deprivation of Plaintiff's civil rights by Defendants Tripp and Spurgeon pursuant to 42 U.S.C. § 1983. Count Three alleged a Products Liability claim against Defendant Axon. (*Id*.) Plaintiff also sought compensatory and punitive damages. (*Id*.)

Plaintiff subsequently filed the presently pending Motion to Exclude the Testimony of Officer Brian Batterton, an expert proposed by the Defendants, on August 18, 2022. (Doc. 42.) Defendants filed a Response in opposition on September 8, 2022. (Doc. 59.) To date, Plaintiff has not filed a Reply. Accordingly briefing has now concluded and this issue is ripe for disposition.

**DISCUSSION**

In the present case, Plaintiff moves to exclude the expert witness testimony of Officer Brian Batterton pursuant to Federal Rules of Evidence 104, 403 and 702. (Doc. 42-1 at 2.) While Plaintiff's brief is labeled as a Motion in Limine (Doc. 42-1), it is apparent to the Court that Plaintiff is actually moving to exclude the testimony of Officer Brian Batterton under *Daubert*. *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579 (1993). It is apparent, because Plaintiff moves to exclude Officer Batterton's "expert testimony" on a variety of issues in this case. (Doc. 42-1. In addition, Plaintiff relies solely upon a singular case in which Officer Batterton's testimony was excluded pursuant to *Daubert*. (Doc. 42-1.) However, as Plaintiff conflates the standards for *Daubert* and Motions in Limine the Court shall address why Plaintiff's Motion is **DENIED** under both standards.

**I.    Plaintiff's Motion to Exclude the Testimony of Officer Batterton Pursuant to Federal Rule of Evidence 702/*Daubert* is DENIED**

The standard for admissibility of expert witness testimony is measured by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In making admissibility determinations, district courts are charged with the duty to perform the gatekeeping role of ensuring expert testimony is "not only relevant, but reliable." *Daubert.*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 147 (1999). "[T]he rejection of expert testimony is the exception rather than the rule." *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) (quoting *Fed. R. Evid. 702* Advisory Committee's Note to 2000 Amendments). The rejection of expert testimony is exception because according to the Supreme Court of the United States and United States Court of

Appeals for the Eleventh Circuit, the purpose of expert admissibility rules is to enlist the federal courts as "gatekeepers" tasked with screening out "speculative" and "unreliable expert testimony." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (quoting *Daubert*, 509 U.S. at 597 n. 13.) District courts are merely gatekeepers because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

In the United States Court of Appeals for the Eleventh Circuit the expert admissibility inquiry has been distilled into a three (3) factor test. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems. Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa*, 158 F.3d at 562. While there is overlap between these requirements, "they remain distinct concepts" and courts "must take care not to conflate them." *Frazier*, 387 F.3d at 1260. Each of these three analytical prongs is assessed in reference to the "task at hand" i.e., the matter to which the expert seeks to testify. *Daubert*, 509 U.S. at 597.

Pursuant to Plaintiff's Motion to Exclude (Doc. 42-1), Plaintiff moves to exclude Officer Batterton's testimony that (1) Deputy Tripp acted in accordance with generally accepted police practices during the incident in question, (2) that a reasonable and well-trained officer could have believed that Mr. McBrayer posed a threat to Defendant Tripp, (3) that a reasonable and well trained officer would have believed that Defendant Tripp and Defendant Spurgeon were justified in deploying the taser weapon on multiple occasions, (4) that the response and methods utilized by Defendants in an attempt to gain and maintain control of Mr. McBrayer were not contrary to generally accepted police procedure and (5) that none of the repeated deployments of Defendants' tasers subjected Mr. McBrayer's body to "maximal

stress." It is Plaintiff's position that these opinions constitute impermissible expert opinion testimony as they are in fact legal conclusions, whose sole purpose is to construct a narrative about the facts. (*Id.*) In support of their contention that the testimony of Officer Batterson should be excluded, Plaintiff cites *Newkirk v. Enzor*, (D.C. S.C.) (2:13-1634-RMG) – a case in which Officer Batterton's testimony was excluded under *Daubert* – and makes conclusory statements regarding Officer Batterton's Rule 26 Report. (Doc. 42-1.)

In the present case, Plaintiff's Motion to Exclude Officer Batterton's testimony pursuant to *Daubert* is **DENIED** because Plaintiff failed to make out a *Daubert* challenge. 509 U.S. at 597. As stated *supra*, in the United States Court of Appeals for the Eleventh Circuit the expert admissibility inquiry has been distilled into a three (3) factor test. *See Frazier*, 387 F.3d at 1260. The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa*, 158 F.3d at 562.

As an initial matter, Plaintiff failed to challenge Officer Batterton's qualifications to present testimony as an expert on police conduct and the use of force. Accordingly, to the extent that Plaintiff moves to exclude Officer Batterton's expert opinion testimony that: (1) Deputy Tripp acted in accordance with generally accepted police practices during the incident in question, (2) that a reasonable and well-trained officer could have believed that Mr. McBrayer posed a threat to Defendant Tripp, (3) that a reasonable and well trained officer would have believed that Defendant Tripp and Defendant Spurgeon were justified in deploying the taser weapon on multiple occasions, and (4) that the response and methods utilized by Defendants in an attempt to gain and maintain control of Mr. McBrayer were not contrary to generally accepted police procedure, Plaintiff has failed to make out an expert witness challenge under *Daubert*. Accordingly, to the extent that Plaintiff moves to disqualify

Officer Batterton as an expert on police conduct, and the use of force, Plaintiff's Motion (Doc. 42-1) is **DENIED**.

Turning next to Plaintiff's challenge to Officer Batterton's ability to opine that none of the repeated deployments of Defendants' tasers subjected Mr. McBrayer's body to "maximal stress." (Doc. 42-1 at 18.) It is Plaintiff's position that Officer Batterton is not qualified to opine as an expert as to this issue because the "stresses that are put on a human body by a Taser weapon are medical matters tha[t] should only be addressed by an expert with appropriate medical training." (Doc. 42-12 at 17.)

While the Court notes for the purposes of the record that Defendants failed to directly respond to this argument (see Doc. 59), the exclusion of Officer Batterton's testimony is not appropriate in the present case, because Plaintiff is mistaken about what Officer Batterton is being presented as an expert in, and what his testimony as to this issue pertains to. Plaintiff is mistaken because Officer Batterton's opinion as to this issue is not a medical opinion, but rather an opinion on whether the Defendant law enforcement officers repeated deployments of a taser – which was not achieving neuromuscular incapacitation (NMI) as intended – was consistent with generally accepted police practice. (Doc. 42-4 at 31.) This becomes apparent when the alleged "medical opinion" Plaintiff moves to exclude is examined in full. (Doc. 42-4 at 31.) It becomes apparent, because Officer Batterton's opinion revolves around whether the Defendant Tripp's repeated deployment of the taser, which was not achieving NMI, was an appropriate use of force in light of the other means available to Defendant Tripp to secure the Plaintiff. (Doc. 42-4 at 31.)

Accordingly, as Defendant's expert is not opining as to a medical issue, but rather whether the repeated deployment of a taser was consistent with generally accepted police practice Plaintiff's Motion to Exclude Officer Batterton's opinion testimony as to whether the repeated deployments subjected Plaintiff to "maximal stress" that can be caused by a Taser weapon is **DENIED**. To be clear, the witness may not express an opinion as to any medical effect, but only as to its consistency of use by law enforcement.

Finally, the Court notes for the purposes of the record that while Plaintiff generally relies upon *Newkirk v. Enzor*, (D.C. S.C.) (2:13-1634-RMG) – a case in which Officer Batterton's testimony was excluded under *Daubert* – *Newkirk* was decided upon a complete

5

record with adequate briefing laying out a specific challenge under *Daubert* to Officer Batterton's testimony. That is not the case here. While Plaintiffs may well have succeeded in a *Daubert* challenge to Officer Batterton testimony, given that district courts are not required to "undertake the proverbial hunt for the Red October submarine in the Atlantic Ocean" in order to find facts that would support a Parties' argument, and Plaintiff's failure to present an actual *Daubert* challenge, Plaintiff's Motion to Exclude the testimony of Officer Batterton pursuant to *Daubert* is **DENIED**. *Serendipity At Sea, LLC v. Underwriters At Lloyd's of London Subscribing to Policy No 1875581*, 56 F.4th 1280, 1287 (11th Cir. 2023.)

**II.     Plaintiff's Motion in Limine to Exclude the Testimony of Officer Batterton is DENIED**

As Plaintiff's Motion is labeled as a Motion in Limine (Doc. 42-1) the Court shall also address why Plaintiff's Motion in Limine to exclude the testimony of Officer Batterton is **DENIED**. As an initial matter, the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 U.S. Dist. LEXIS 14521, at *6-7 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.")). And relevance is intentionally a broad concept— "[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed.R.Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's in limine position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

As such, the Court disfavors motions in limine and retains the discretion to change any rulings on evidence made herein based on a party's objections, evidence, or arguments at trial.

Furthermore, Motions *in limine* that are "broad, vague," and include "speculative categories of evidence and argument of which the Court cannot predetermine the admissibility" are due to be denied, as "the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of the trial. *Tate v. Church Hill Trucking Inc.*, 2021 U.S. Dist. LEXIS 257870 (M.D. Ga. June 3, 2021) (quoting *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, U.S. DIST. LEXIS 14521 (M.D. Fla. Feb. 2, 2011).

In the present case Plaintiffs' Motion *in limine* (Doc. 42-1) is too broad and vague, and includes too many speculative categories of evidence, for this Court to grant Plaintiffs' motion as written. For example, Plaintiffs appear to take issue with the entirety of Officer Batterton's Rule 26 Report in this case, contending that is not relevant, that it goes to the ultimate issues of the case, that it constitutes an improper legal conclusion, that it constitutes improper bolstering and that Officer Batterton's construction of the facts distorts the evidence in this case. (Doc. 42-1.) However, after review of the report in question, none of the testimony that Plaintiff seeks to exclude is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of the trial. Therefore, that evidence's admissibility must be determined based on the context in which it is presented at trial.

Accordingly, Plaintiffs' Motion *in Limine* (Doc. 42-1) is **DENIED WITHOUT PREJUDICE** as to all evidence and argument, subject to Plaintiffs' right to renew specific objections at trial.

**SO ORDERED**, this 7th day of March 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**