IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAELA UNDERWOOD, as the duly appointed Administratrix of the Estate of James Aaron McBrayer, Deceased, *et al.*, | : : : : : |
| Plaintiffs, | : : |
| v. | : CASE NO.: 7:21-cv-00040 (WLS) |
| HON. GENE SCARBROUGH, *et al.*, | : : : |
| Defendants. | : : |

**ORDER**

Presently before the Court is Defendants, Gene Scarbrough, Cliff Henderson, Anthony Tripp and Connor Spurgeon's ("Tift County Defendants"), Motion to Exclude Expert Testimony. (Doc. 46.) Therein, the Tift County Defendants move to exclude the testimony of James Reynolds and John Anderson pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579 (1993). (*Id.*) For the reasons that follow, the Tift County Defendants' Motion to Exclude the Testimony of Officer James Reynolds and Officer John Anderson (Doc. 46) is **DENIED**.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff commenced the present action on April 9, 2021, by filing a Complaint alleging three (3) causes of action. (Doc. 1.) Count One alleged Deprivation of Plaintiff's civil rights by Defendants Scarbrough and Henderson pursuant to 42 U.S.C. § 1983. (*Id.*) Count Two alleged Deprivation of Plaintiff's civil rights by Defendants Tripp and Spurgeon pursuant to 42 U.S.C. § 1983. Count Three alleged a Products Liability claim against Defendant Axon. (*Id.*) Plaintiff also sought compensatory and punitive damages. (*Id.*)

The Tift County Defendants subsequently filed the presently pending Motion to Exclude the Testimony of Officers James Reynolds and John Anderson on August 31, 2022. (Doc. 46.) Plaintiffs filed a Response in opposition on September 21, 2022. (Doc. 66.) To date,

Defendants have not filed a Reply. Accordingly briefing has now concluded and this issue is ripe for disposition.

## **DISCUSSION**

The standard for admissibility of expert witness testimony is measured by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In making admissibility determinations, district courts are charged with the duty to perform the gatekeeping role of ensuring expert testimony is "not only relevant, but reliable." *Daubert.*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 147 (1999). "[T]he rejection of expert testimony is the exception rather than the rule." *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) (quoting *Fed. R. Evid. 702* Advisory Committee's Note to 2000 Amendments). The rejection of expert testimony is exception because according to the Supreme Court of the United States and United States Court of Appeals for the Eleventh Circuit, the purpose of expert admissibility rules is to enlist the federal courts as "gatekeepers" tasked with screening out "speculative" and "unreliable expert testimony." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (quoting *Daubert*, 509 U.S. at 597 n. 13.) District courts are merely gatekeepers because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

In the United States Court of Appeals for the Eleventh Circuit the expert admissibility inquiry has been distilled into a three (3) factor test. *See United States v. Frazier*, 387 F.3d 1244,

2

1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems. Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa*, 158 F.3d at 562. While there is overlap between these requirements, "they remain distinct concepts" and courts "must take care not to conflate them." *Frazier*, 387 F.3d at 1260. Each of these three analytical prongs is assessed in reference to the "task at hand" i.e., the matter to which the expert seeks to testify. *Daubert*, 509 U.S. at 597.

In the present case, it would appear that the Tift County Defendants move to disqualify Plaintiff's proposed experts under two theories. First, Defendants move to disqualify Plaintiff's proposed expert as to any opinion testimony they may provide as an expert on police conduct and the use of force. For example, Defendants move to exclude Officers Reynolds & Andersons' opinion that (1) Deputy Tripp had no legal basis to detain decedent, Aaron McBrayer, or give the decedent orders; (2) that Mr. McBrayer was authorized to attack Deputy Tripp in order to resist an "unlawful arrest"; (3) that Deputy Tripp had no right to defend himself when the decedent, Aaron McBrayer attacked him; (4) that the Defendant Officers conduct violated policies of the Tift County Sheriff's Office; and (5) that Defendants Tripp and Spurgeon utilized excessive force in trying to detain decedent, Aaron McBrayer. (Doc. 46 at 2.) Defendants also appear to move to disqualify Plaintiff's proposed expert as to any medical opinion testimony they would provide, as they're unqualified. (Doc. 46 at 8.) For example, Defendants move to exclude any opinion testimony that (6) that Defendants Tripp and Henderson should have acted differently with regard to decedent, Aaron McBrayer's, medical conditions; (7) any medical opinion the about decedent's medical condition. (Doc. 46 at 2.)

It would appear that it is the Tift County Defendants' position that the expert witness opinions of Officers Reynolds & Anderson must be excluded because they're wrong and usurp

3

the role of the jury by instructing on the applicable law. (Doc. 46 at 3.) Defendants then put forth their contentions about why Plaintiff's proposed expert witness opinions are wrong or irrelevant as a matter of law. (Doc. 46 at 9.) Defendants also contend that Plaintiff's proposed expert witness opinions about decedent, Aaron McBrayer's, medical conditions should be excluded because Plaintiff's proposed expert witnesses are unqualified to provide medical opinion testimony. (Doc. 46 at 8.)

In the present case, the Tift County Defendants' Motion to Exclude Officers Reynolds & Andersons' testimony pursuant to *Daubert* is **DENIED** because the Tift County Defendants failed to make out a *Daubert* challenge. 509 U.S. at 597. As stated *supra*, in the United States Court of Appeals for the Eleventh Circuit the expert admissibility inquiry has been distilled into a three (3) factor test. *See Frazier*, 387 F.3d at 1260. The district court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address;
> (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa*, 158 F.3d at 562.

As an initial matter, the Tift County Defendants failed to challenge Officers Reynolds & Andersons' qualifications to present testimony as an expert on police conduct and the use of force. Instead, the Tift County Defendants have simply listed their reasons for why they believe that Plaintiff's proposed expert witness opinions are wrong or irrelevant as a matter of law. (Doc. 46 at 9.) Accordingly, to the extent that the Tift County Defendants move to exclude Officers Reynolds & Anderson's expert opinion testimony about whether (1) Deputy Tripp had a legal basis to detain decedent; (2) Mr. McBrayer was authorized to resist an unlawful arrest; (3) Deputy Tripp had a right to self-defense; (4) Defendant Officers violated policies of Tift County Sheriff's Office; and (5) Defendants Tripp and Spurgeon utilized excessive force, Tift County Defendants' Motion to Exclude (Doc. 46) is **DENIED**.

Turning next to the Tift County Defendants' Motion to Exclude Plaintiff's proposed experts, Officers Reynolds & Andersons', opinion testimony that (6) that Defendants Tripp and Henderson should have acted differently with regard to decedent, Aaron McBrayer's, medical conditions; (7) any medical opinion the about decedent's medical condition. (Doc. 46 at 2.) It is Defendants' position that any medical opinion by Plaintiffs' expert witnesses must be excluded because Plaintiff's proposed experts are unqualified. (Doc. 46 at 8.) Defendants appear to specifically move to exclude Officer Anderson's opinion that "an unconscious and non-responsive person presents a serious medical situation" (Doc. 46-2 at 17) and Officer Reynold's statement that by virtue of his training and experience with persons suffering from excited delirium, that he concurred with the medical examiner's conclusion that the decedent was suffering from excited delirium. (Doc. 46-1 at 11.)

The Tift County Defendant's Motion to Exclude Officer Anderson's statements that "an unconscious and non-responsive person presents a serious medical situation" (Doc. 46-2 at 17) and Officer Reynold's concurrence with the medical examiner's conclusion about the decedent suffering from excited delirium is (Doc. 46) **DENIED**, because Defendants are mistaken about Officer Anderson and Reynold's are being presented as an expert in, and what their testimony in this case pertains to. Defendants are mistaken because the statements Defendants move to exclude are not medical opinions, but rather an opinion on whether the Defendant law enforcement officers' actions were consistent with generally accepted police practice. (Doc. 42-4 at 31.) This becomes apparent when the alleged "medical opinions" the Tift County Defendants move to exclude is examined in full. (Docs. 46 at 8, 46-1 at 10 & 46-2 at 17.)

For example, Officer Anderson's opinion focuses not on whether the decedent was suffering from any medical impairment, but rather upon whether the Tift County Defendants' failure to evaluate and render assistance to decedent was unreasonable in light of the circumstances of this case. (Doc. 46-2 at 16.) Accordingly, it is not a medical opinion as Defendants contend, but rather an expert opinion on whether the Tift County Defendants' response to the decedent being unconscious was consistent with generally accepted police practice. Likewise, Officer Reynold's opinion that he agreed with the medical examiner that the decedent was suffering from "Excited Delirium" when confronted by Defendants is not

5

a medical opinion. (Doc. 46-1 at 11.) It is not a medical opinion as Defendants contend, because when examined in full it is clear that Officer Reynold is discussing whether the Defendants response to the decedent exhibiting signs of excited delirium was consistent with generally accepted police practice. (Doc. 46-1 at 9-11.) Accordingly, as Plaintiff's experts are not opining as to a medical issue, but rather whether the Defendants actions were consistent with generally accepted police practice the Tift County Defendants' Motion to Exclude Officers Reynold and Andersons' opinion testimony (Doc. 46) is **DENIED**. To be clear, the witness may not express an opinion as to any medical effect, but only as to its consistency of use by law enforcement.

**SO ORDERED**, this 12th day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**