IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAELA UNDERWOOD, as the duly appointed Administratix of the Estate of James Aaron McBrayer, Deceased, *et al.*, | : : : : : |
| Plaintiffs, | : |
| v. | :   CASE NO.: 7:21-CV-00040 (WLS) |
| HON. GENE SCARBROUGH, *et al.*, | : : |
| Defendants. | : : : |

## **ORDER**

Before the Court is Defendant Axon's Motion for Reconsideration of this Court's Order Partially Denying Defendant Axon's Motion for Summary Judgment ("Motion for Reconsideration") (Doc. 91). Therein, Defendant Axon requests the Court reconsider its Order (Doc. 89) entered March 20, 2023, which resolved Defendant Axon's Motion for Summary Judgment (Doc. 48). For the reasons already explained at length in the Court's previous Order, and reiterated below, the Cout **DENIES** Defendant Axon's Motion for Reconsideration (Doc. 91).

### I.   RELEVANT PROCEDURAL BACKGROUND

Plaintiffs commenced the above-captioned action on April 9, 2021, alleging three causes of action (Doc. 1). Count One alleges Deprivation of Plaintiffs' civil rights by Defendants Scarbrough and Henderson pursuant to 42 U.S.C. § 1983. (Id.) Count Two alleges deprivation of Plaintiffs' civil rights by Defendants Tripp and Spurgeon pursuant to 42 U.S.C. § 1983. (Id.) Count Three alleges a Products Liability claim against Defendant Axon. (Id.) Plaintiffs also seek compensatory and punitive damages. (Id.)

On August 31, 2022, Defendant Axon filed a Motion for Summary Judgment (Doc. 48). The Court issued an Order (Doc. 89) partially denying Defendant Axon's Motion for Summary Judgment. In that Order, the Court denied Defendant Axon's Motion for Summary

Judgment with respect to Plaintiffs' failure to warn claim; (2) the Court granted Defendant Axon's Motion for Summary Judgment with respect to Plaintiffs' design defect claim, if any and to the extent alleged, and (3) the Court granted Defendant Axon's Motion for Summary Judgment with respect to Plaintiffs' failure-to-train claim, to the extent alleged.

On November 14, 2023, Defendant Axon filed their Motion for Reconsideration (Doc. 91). Plaintiff filed a Response (Doc. 92) on November 16, 2023. And on November 30, 2023, Defendant Axon filed a Reply (Doc. 95). All parties have filed their respective briefs and the Motion for Reconsideration is fully briefed and ripe for ruling.

## II. RELEVANT FACTUAL BACKGROUND

The facts relevant to this Motion for Reconsideration are set forth in the Court's previous Order but the Court will briefly discuss them. (Doc. 89). The present lawsuit arises from the death of Mr. James Aaron McBrayer, who was involved in a fatal encounter with police officers. (Doc. 89 at 2). Sheriff's deputies in Tift County responded to a 911 call of a man yelling for help. (*Id.*). When deputies arrived, Mr. McBrayer displayed a number of symptoms associated with the condition excited delirium, (*id.* at 17), a potentially lethal response the body may have to aggregated physiological stressors. (Doc. 83 at 4). Despite these symptoms, deputies deployed their Tasers into Mr. McBrayer a number of times in their attempts to subdue him which, according to the only medical expert in the case, contributed to Mr. McBrayer's aggregate physiological stress response. (*Id.* at 4–5). As a result, the medical expert opined, the Taser use "within a reasonable degree of medical probability" contributed to Mr. McBrayer's death from excited delirium. (*Id.* at 13).

## III. LAW AND ANALYSIS

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon*

2

*Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

### A.     New Evidence

Defendant Axon proffers additional evidence that excited delerium is not a valid diagnosis. (Doc. 91 at 3–5). Supposedly, this relieves Defendant Axon from a duty to warn consumers of its Taser X26P energy weapons about excited delirium because it is "fringe or debunked." (*Id.* at 4). Although the evidence Axon offers may be "new" in the sense that it post-dates the submission of the briefs in support of their Motion for Summary Judgment, it changes nothing. As the Court's original Order explained:

> Axon contends that because excited delirium is a "controversial diagnosis" in the medical community, which is difficult to diagnose, it was beyond its responsibility as a "public safety product manufacturer" to train end users on how to recognize the condition. Plaintiffs' medical expert, however, opined that from the body camera footage, there was sufficient evidence for a trained individual to determine that Mr. McBrayer might have been suffering from excited delirium. There is, therefore, enough in the record to show that an individual with training might have been able to recognize excited delirium— training which Plaintiffs contend the deputies lacked as a result of Defendant Axon's insufficient warnings. As such, the Court will not invade the province of the fact finder to find, as a matter of law, that a controversy surrounding excited delirium relieves any duty Defendant Axon might have had to warn about the condition.

(Doc. 89 at 8–9) (citations omitted).

To the extent that the Court's previous Order was unclear, if any, the Court will *not* wade into the medical controversy surrounding excited delirium, when there is a medical expert in the Record who opines that excited delirium is a legitimate diagnosis. The Court must construe the evidence at the summary judgment stage in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The quantity of evidence that excited delirium is not a legitimate diagnosis, therefore, is immaterial, when Plaintiff can point to a medical expert that says that it is legitimate. Accordingly, the Court is unpersuaded that Defendant Axon's new evidence would have made

3

any difference to the Court's original decision to deny their Motion for Summary Judgment on Plaintiff's Failure to Warn claim.

### B. Additional Warnings

Defendant Axon also renews its argument that there is no evidence that additional warnings from them would have caused the Deputy Sheriff Defendants to render medical care. The Court has already addressed this argument at length in its original Order and declines to revisit it here, especially since Axon has failed to cite authority which suggests that the Court made a clear error of law. (Doc. 89 at 14–17).

### IV. CONCLUSION

For the foregoing reasons, Defendant Axon's Motion for Reconsideration (Doc. 91) is **DENIED**.

**SO ORDERED**, this 22nd day of January 2024.

                                                                                       **/s/ W. Louis Sands**
                                                                                       **W. LOUIS SANDS, SR. JUDGE**
                                                                                       **UNITED STATES DISTRICT COURT**