IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAELA UNDERWOOD, *et al.*, : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> HON. GENE SCARBROUGH, *et al.*, : <br> : <br> **Defendants.** : <br> _____ : | CASE NO: 7:21-cv-40  (WLS) |

## ORDER

Presently before the Court is the Joint Motion Under FRCP 41(a)(2) or, if Necessary Under FRCP 15 to Dismiss with Prejudice all Claims Against Certain but not all Defendants (Doc. 98) ("Joint Motion") filed March 18, 2024. Therein, pursuant to Federal Rule of Civil Procedure 41(a)(2),[1] Plaintiffs seek to dismiss, with prejudice, all claims against Defendant Gene Scarbrough ("Sheriff Scarbrough"), individually and in his official capacity as Sheriff of Tift County, Georgia. Plaintiffs further seek to dismiss, with prejudice, all claims, asserted against the following Defendants, individually and in their official capacity as a Deputy Sheriff of Tift County, Georgia: Cliff Henderson ("Henderson"), Anthony Raymond Tripp, Jr. ("Tripp"), and Connor Brennen Spurgeon ("Spurgeon," and together with Henderson and Tripp, the "Deputy Sheriffs"). Together, Defendants Sheriff Scarbrough and the Deputy Sheriffs are referred to herein as the "Tift County Defendants".

Plaintiffs are **not** seeking to dismiss their claims against Defendant Axon Enterprise, Inc. of DE.

---

[1] Fed. R. Civ. P. 41(a)(2) provides that the plaintiff may voluntarily dismiss an action:

> **(2) By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

1

The Plaintiffs and Tift County Defendants contend that all claims against these Defendants may be dismissed pursuant to Rule 41(a)(2). The Court agrees.[2] "'[T]he Rule speaks of voluntary dismissal of 'an action,' not a claim.' Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting *State Treasurer v. Barry*, 168 F.3d 8, 19 n. 9 (11th Cir. 1999) (Cox, J., concurring)).

> In general, "a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice . . . ." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). Ultimately, "whether to grant a voluntary dismissal pursuant to Rule 41(a)(2), [ ] falls within the sound discretion of the district court." *Id.*

*Arm Funding 2018-1 LLC v. Fletcher*, No. 1:19-CV-158 (LAG), 2020 WL 6472677, at *2 (M.D. Ga. July 30, 2020) (second alteration in original). The Court finds that as the Tift County Defendants join in the Joint Motion, and the dismissal of the claims against them is with prejudice, it is clear they will not be prejudiced by the dismissal. Further, on March 7, 2024, the Plaintiffs and Deputy Sheriffs[3] filed a joint motion to dismiss Plaintiffs' appeal pending in the Circuit Court stating they "have reached a settlement as to all claims, and therefore all issues in this litigation have been resolved." Jt. Mot. at 5, *Underwood v. Scarbrough*, No. 23-13543 (11th Cir. Mar. 7, 2024), ECF No. 21. On March 12, 2024, the Eleventh Circuit's Mandate (Doc. 97) was entered on this Court's docket, granting the Plaintiffs and Deputy Sheriffs' motion to voluntarily dismiss their appeal of this Court's Order (Doc. 85).

Accordingly, pursuant to Rule 41(a)(2), the Joint Motion (Doc. 98) is **GRANTED**. The above action is **DISMISSED, WITH PREJUDICE**, **only** as to the following Defendants in their individual and official capacities: Gene Scarbrough, Cliff Henderson,

---

[2] It is unnecessary for the Court to consider the parties alternate request that pursuant to Rule 15(a), the Court grant Plaintiffs leave to file an amended complaint removing all claims against the Tift County Defendants.

[3] Sheriff Scarbrough was also listed as an appellant. His appeal was dismissed as he lacked standing to appeal and it also appeared his name was included in the appeal by mistake.

Anthony Raymond Tripp, Jr., and Connor Brennen Spurgeon.  The parties shall bear their own fees and costs.

Plaintiff's claims against Defendant Axon Enterprise, Inc. of DE. shall remain pending.

**SO ORDERED**, this 19th day of March 2024.

                                            **/s/W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**